IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

FILED
MAY 24 2011
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| James Matthew Miller, )<br>Petitioner, )<br>)<br>v. )<br>)<br>Gene Johnson, )<br>Respondent. ) | 1:10cv837 (LO/TRJ) |

## MEMORANDUM OPINION

James Matthew Miller, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of Virginia's parole laws. Respondent filed a Motion to Dismiss and Rule 5 Answer, with a supporting brief and numerous exhibits. Miller was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he filed a reply as well as a Motion to Take Judicial Notice and Motion for Appointment of Counsel. For the reasons that follow, Miller's claims will be dismissed and his motions will be denied as moot.

### I. Background

In the Circuit Court for the County of Charles City, Virginia, Miller was convicted of first degree murder and use of a firearm in the commission of a felony. On December 11, 1990, he was sentenced to life plus two years incarceration. Commonwealth v. Miller, Case No. CR89000029-00, CR89000030-00. Miller's eligibility date for parole release was February 2, 2003. See Pet. 5, ECF No. 1.

Miller filed a petition for writ of habeas corpus in the Supreme Court of Virginia, claiming that Virginia's parole laws are unconstitutional. The court dismissed the petition on March 5, 2010 and refused the petition for rehearing on June 16, 2010. Miller v. Director, Dep't

1

of Corr., Case No. 100177. On July 12, 2010, Miller filed the instant federal habeas petition,[1] arguing that Virginia's parole laws are unconstitutional because they violate his due process and equal protection rights. Based on the pleadings and record before this Court, it is uncontested that Miller exhausted all of his claims as required under 28 U.S.C. § 2254.

## II. Statute of Limitations

The applicable statute of limitations, 28 U.S.C. § 2244(d), bars the claims presented. A petition for a writ of habeas corpus must be dismissed if filed later than one year after (1) the judgment becomes final; (2) any state-created impediment to filing a petition is removed; (3) the United States Supreme Court recognizes the constitutional right asserted; or (4) the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D).

In the instant case, Miller states that he did not learn of the constitutional violations he alleges in this petition until December 2009. See Pet. 3, ECF No. 1. However, Miller's claims are legal challenges to Virginia's parole laws, so Miller did not need to discover any facts aside from his own eligibility for parole to assert these claims. Therefore, the factual predicate of Miller's claims could have been discovered with due diligence by the time of his eligibility date for parole release, which was February 2, 2003.

In calculating the one-year period, however, the Court must exclude the time during which state collateral proceedings pursued by petitioner were pending. See 28 U.S.C. §

---

[1] For purposes of calculating the statute of limitations, a petition is deemed filed when the prisoner delivers his pleading to prison officials. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). Miller enclosed a cover letter that was dated July 8, 2010 in the mailing that contained his petition, but he also included a "declaration" dated July 12, 2010. See Pet. 3, ECF No. 1. The petition was received July 26, 2010. Because petitioner has not provided the specific date he placed his petition in the prison mailing system, the July 12, 2010 date will be used for the purposes of this Memorandum Opinion.

2244(d)(2); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (determining that the definition of "properly filed" state collateral proceedings, as required by § 2244(d)(2), is based on the applicable state law as interpreted by state courts). On January 11, 2010, petitioner filed a state habeas petition in the Supreme Court of Virginia, which refused his petition on March 5, 2010 and refused his petition for appeal on June 16, 2010. Petitioner filed the instant petition on July 12, 2010.

Between February 2, 2003, Miller's eligibility date for parole release, and January 11, 2010, the date petitioner filed his state habeas petition, 2,535 days passed. Between June 16, 2010, the date petitioner's state habeas petition became final, and July 12, 2010, the date petitioner filed his federal petition, an additional 26 days passed. When these days are combined they establish that the instant petition was filed 2,196 days beyond the one-year limit. Accordingly, the petition is untimely under § 2244(d), unless petitioner can establish that the statute of limitations does not apply or should otherwise be tolled. See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002) (requiring notice and the opportunity to respond before a sua sponte dismissal under § 2244(d)).

Respondent raised the issue of untimeliness in the Brief in Support of his Motion to Dismiss. In his reply to the motion to dismiss, Miller argues that respondent's arguments regarding timeliness are "plainly patently false and bogus" because Miller did not discover that the parole laws were unconstitutional until December 2009. See Reply 2, ECF No. 8. However, as explained above, the date that Miller actually discovered the legal basis for his claim is irrelevant for the timeliness analysis. Rather, the relevant date is the date on which the factual predicate of his claims could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D). The relevant date is therefore February 3, 2003. Miller has thus failed to

establish that the statute of limitations does not apply or should otherwise be tolled, and this petition will be dismissed.

### III. Conclusion

For the above stated reasons, this petition will be dismissed. An appropriate Order shall issue.

Entered this 24th day of May 2011.

Alexandria, Virginia

/s/
Liam O'Grady
United States District Judge

4